NO. 07-05-0360-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 17, 2006



______________________________



KELLY MAYFIELD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 50,278-D; HONORABLE DON R. EMERSON, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Kelly Mayfield has appealed his conviction and sentence following his
conviction for unauthorized use of a motor vehicle and assessment of punishment of five
years in the Texas Department of Criminal Justice, Institutional Division. A copy of a notice
of appeal was filed with this Court on October 13, 2005. The reporter's record was filed on
January 11, 2005 and the clerk's record has not been filed. Pending before this Court is
a motion to withdraw filed by appointed counsel W. Brooks Barfield, Jr., who represented
appellant at trial and has not been appointed to represent appellant on appeal.

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. arts. 1.051(d) (Vernon 2005), 26.04(j)(2) (Vernon Supp. 2005). See also Enriquez v.
State, 999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Accordingly, we now abate
this appeal and remand the cause to the trial court for further proceedings. Tex. R. App.
P. 43.6. 

 Upon remand the trial court shall immediately conduct such hearings as may be
necessary to determine the following, causing proper notice of any such hearing to be
given: 

 1. whether counsel's motion to withdraw should be granted; and if so, 


 whether appellant still desires to prosecute this appeal, is indigent and entitled to
appointed counsel. 



 Should it be determined that appellant desires to continue the appeal, then the trial
court shall also take such measures as may be necessary to assure appellant effective
assistance of counsel, which measures may include the appointment of new counsel. If
new counsel is appointed, the name, address, telephone number, and state bar number
of counsel shall be included in the order appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of any hearing shall also be included in the appellate record. The trial court shall
file the supplemental clerk's record and the supplemental reporter's record with the Clerk
of this Court by February 17, 2006. Finally, if new counsel is appointed, appellant's brief
will be due within 30 days after the deadline for filing of the supplemental clerk's record and
the supplemental reporter's record and the State's brief will be due within 30 days
thereafter. Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered. 

 Per Curiam 

Do not publish.





munity
supervision, appellant entered a plea of true to the allegations filed against her. The trial
court admonished appellant, but she persisted in pleading true. After hearing the
evidence, the trial court found the allegations of the State’s motion to revoke community
supervision to be true. The trial court sentenced appellant to serve two years in a State
Jail Facility. Appellant has appealed the trial court’s decision. We affirm.
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court’s judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of her right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of her right to file a pro se
response. Appellant has filed a response which we have carefully reviewed. After
reviewing the response filed by appellant, we note that it does not raise any additional
grounds to support an appeal.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.



 
Mackey K. Hancock

Justice





Do not publish.